**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000086
24-JUN-2015
08:23 AM**

NO. CAAP-15-0000086

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
YOSHIRO SANNEY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1570)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Yoshiro Sanney's (Appellant Sanney) appeal from an apparent oral ruling by the Honorable Karen S.S. Ahn during the remand proceedings that the Supreme Court of Hawai'i ordered in SCWC-12-0000654 for Appellant Sanney's December 22, 2011 post-judgment motion to reconsider Appellant Sanney's sentence in Criminal No. 10-1-1570 pursuant to Rule 35 of the Hawai'i Rules of Penal Procedure (HRPP), because the circuit court has not yet reduced its oral ruling to a written post-judgment order.

"A post-judgment order is appealable in its own right . . . if it meets the test of finality applicable to all judicial decisions." State v. Johnson, 96 Hawai'i 462, 469, 32 P.3d 106, 113 (App. 2001) (citation and internal quotation marks omitted). "A final order has been defined, albeit in the context of a civil case, as an order ending the proceedings, leaving nothing further to be accomplished." Id. (citation and internal quotation marks omitted). The Supreme Court of Hawai'i has assumed appellate jurisdiction over appeals from post-judgment orders denying post-judgment HRPP Rule 35 motions regarding sentences. See, e.g., State v. Guillermo, 91 Hawai'i 307, 308, 983 P.2d 819, 820 (1999) (Reviewing a defendant's appeal "from the circuit court's denial of his motion for re-sentencing filed . . . pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 35[.]"); see also State v. De Guair, 108 Hawai'i 179, 118 P.3d 662 (2005); State v. Kamana'o, 103 Hawai'i 315, 82 P.2d 401 (2003); State v. Brantley, 99 Hawai'i 463, 56 P.3d 1252 (2002). Nevertheless, those appeals involved criminal cases in which the circuit courts had already entered written post-judgment orders on the post-judgment HRPP Rule 35 motions.

In the instant case involving a remand proceeding, the circuit court has not yet entered a written post-judgment order that finally determines Appellant Sanney's December 22, 2011 post-judgment HRPP Rule 35 motion for reconsideration. The concept of entering of an order "signifies something more formal than mere oral rendition of an order or ruling of the court, and contemplates a filed written order." Scott v. Liu, 46 Haw. 221, 225-26 377 P.2d 696, 700 (1963); State v. Bulgo, 45 Haw. 501,

503, 370 P.2d 480, 482 (1962). "Though the substance of the court's decision is captured in the minutes of court proceedings kept by the clerk who attended the hearing, they do not substitute for the requisite written document; they are merely 'prepared for [the court's] own use.' RCCH Rule 27." State v. English, 68 Haw. 46, 52, 705 P.2d 12, 16 (1985) (footnote omitted).). In any appeal from a criminal case, the Hawai'i Rules of Appellate Procedure provide that "[a] judgment or order is entered within the meaning of this subsection when it is filed with the clerk of the court." HRAP Rule 4(b)(3). "While [the Supreme Court of Hawai'i] treat[s] an appeal as timely where a defendant has filed his or her notice of appeal after the [circuit] court has announced an oral decision but before the entry of a written order or judgment, ... [the Supreme Court of Hawai'i] cannot do so where the [circuit] court has rendered no decision whatsoever." Grattafiori v. State, 79 Hawai'i 10, 14, 897 P.2d 937, 941 (1995). Even when the circuit court has clearly rendered an oral decision, if the circuit court does not enter a corresponding written order, then "[a] notice of appeal designating [the] oral order is nugatory." State v. Bulgo, 45 Haw. at 504, 370 P.2d at 482 (internal quotation marks omitted). Consequently, "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added).

On March 30, 2015, the circuit court clerk filed the record on appeal for appellate court case number CAAP-15-0000086, which does not contain any post-remand written order that finally

-3-

determines all issues and, thus, ends the remand proceedings for Appellant Sanney's December 22, 2011 HRPP Rule 35 motion for reconsideration. We thus lack appellate jurisdiction and Appellant Sanney's appeal is premature.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000086 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 24, 2015.

Presiding Judge

Associate Judge

Associate Judge

-4-